JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -5 1987

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 732

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE IVAN F. BOESKY SECURITIES LITIGATION

TRANSFER ORDER

This litigation presently consists of twelve actions pending in three federal districts: nine actions in the Southern District of New York, two actions in the Central District of California and one action in the Northern District of California. Before the Panel is a motion by defendant Ivan F. Boesky (Boesky) to centralize nine of the twelve actions, pursuant to 28 U.S.C. §1407, in the Southern District of New York for coordinated or consolidated pretrial proceedings before Judge Milton Pollack.[1/] Also before the Panel is a cross-motion by defendant Kidder, Peabody & Co., Inc., seeking to centralize the remaining three actions, pursuant to Section 1407, in the Southern District of New York for coordinated or consolidated pretrial proceedings with the nine actions included in the Boesky motion. Plaintiffs in the two Central District of California actions oppose transfer of those actions to the Southern District of New York. All other responding parties either support or do not oppose Section 1407 centralization in this docket, although many of these parties i) assert that significant differences exist among the actions before the Panel, and ii) express various views concerning the degree of coordination or consolidation that should be imposed by the transferee court after transfer.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise because each action bears at least some

---

[1/] Boesky's Section 1407 motion included two additional actions. One of these actions -- Keith Garber v. Ivan F. Boesky, et al., S.D. New York, C.A. No. 86-Civ 9010 (MP) -- has been dismissed by Judge Pollack, according to Boesky, and therefore the question of including that action in Section 1407 proceedings is now moot. Boesky withdrew the other action -- Isabel Sperber, et al. v. Ivan F. Boesky, S.D. New York, C.A. No. 86 Civ. 9232 (MP) -- from the scope of his Section 1407 motion after Judge Pollack recused himself from Sperber and the action was reassigned to Judge Gerard L. Goettel.

relation to an alleged widespread insider trading scheme involving Boesky and others. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. While we recognize that significant legal and factual differences do indeed exist among the actions before us, we observe that the determination whether and to what extent the pretrial proceedings should be coordinated or consolidated is, as always, the province of the transferee judge. See In re Equity Funding Corporation of America Securities Litigation, 375 F.Supp. 1378, 1384 (J.P.M.L. 1974).

The Southern District of New York is clearly the appropriate transferee forum for this litigation. We note that 1) nine of the twelve actions are already pending there; 2) most of the defendants have their residence or principal place of business in New York City, and consequently many relevant witnesses and documents are likely to be found there; and 3) related governmental criminal and civil proceedings occurred, or are ongoing, in the Southern District of New York.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Milton Pollack for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-732 -- In re Ivan F. Boesky Securities Litigation

### Southern District of New York

Arden Way Associates, et al. v. Ivan F. Boesky, et al., C.A. No. 87 Civ. 1865 (MP)

Michael Asimow, etc. v. Kidder Peabody & Co., Inc., et al., C.A. No. 87 Civ. 1365 (MP)

Farnsworth and Hastings Limited, et al. v. Ivan F. Boesky, et al., C.A. No. 87 Civ. 1892 (MP)

Richard James French, etc. v. Ivan F. Boesky, et al., C.A. No. 86 Civ 9102 (MP)

Richard C. Goodwin, et al. v. Ivan F. Boesky, et al., C.A. No. 86 Civ. 9032 (MP)

David Grobow v. Ivan F. Boesky, et al., C.A. No. 86 Civ. 9013 (MP)

Guinness Enterprises, Inc., etc. v. Ivan F. Boesky, et al., C.A. No. 87 Civ. 1898 (MP)

Donald M. Abramson v. Kidder, Peabody & Co., Inc., et al., C.A. No. 87 Civ. 2480 (MP)

Eugena Kubas, etc. v. Robert M. Wilkis, et al., C.A. No. 87 Civ. 2783 (MP)

### Northern District of California

Continental Arbitrage Corporation, et al. v. Robert M. Wilkis, et al., C.A. No. C-87-0738 (MHP)

### Central District of California

Charles F. Taplin, etc. v. Kidder Peabody & Co., Inc., et al., C.A. No. CV-87-1745 (CBM)

Robert A. Comfort, etc. v. Kidder Peabody & Co., et al., C.A. No. CV87-0985 (CBM)